UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA ]
]
v. ] Criminal No. 2:09-CR-44
]
PAUL OAKES ]

**MEMORANDUM AND ORDER**

The grand jury returned a one count indictment charging the defendant Paul Oakes with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Oakes has filed a motion to dismiss on a number of grounds: (1) Section § 922(g)(1) violates the Second Amendment as interpreted by the Supreme Court in *District of Columbia v. Heller* __ U.S. __, 128 S.Ct. 2783 (2008); and (2) the government cannot prove Oakes knew he was a felon or that he was prohibited from possessing a firearm. Oakes also seeks a jury instruction that the government must prove prospective dangerousness.

In *Heller* the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a firearm for lawful purposes. The Court found the D.C. statute unconstitutional to the extent it entirely banned handgun possession in the home. At the same time, the Court stated, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of forearms by felons

and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings...". *Id.,* 128 S.Ct at 2816. Since then, courts have uniformly held that the prohibition on possession of firearms by felons remains constitutional. *See United States v. McCane*, 573 F.3d 1037, 2009 WL 2231658 (10th Cir. 2009); *United States v. Gilbert*, 2008 WL 2740453 (9th Cir. July 15, 2008). *United States v. Marzzarella,* 595 F.Supp. 2d 596, 598-99 (W.D. Pa. Jan. 14, 2009); *United States v. Booker*, 570 F.Supp. 2d 161, 162-65 (D. Me. Aug. 11, 2008).

Oakes argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment. He asserts that there is a heightened scrutiny for laws restricting Second Amendment liberties. However, there is no evidence of any court supporting this position, and the decision issued by the Supreme Court in regard to *Heller* was very clear: the ban on possession of guns by felons remains valid. This Court agrees and finds statutes prohibiting the possession of firearms by convicted felons are constitutionally valid.

Oakes then suggests that *Heller* requires the government to prove not only that he knew he possessed a firearm, but also that he knew (1) that he was a felon and (2) that he was prohibited from firearm possession. He relies on an unpublished opinion from the Eastern District of Pennsylvania, *United States v. Kitsch*, No. 03-594-01 (E.D. Pa., Aug. 1, 2008). In *Kitsch,* a law

enforcement agent informed a defendant who was cooperating with police that his conviction would be expunged.  In that case, Kitsch had reason to believe that he was not a felon and therefore the district court required the government prove knowledge of the conviction.  However, there is no scienter requirement within the statute. The Second Circuit has held there are three elements required in a 18 U.S.C. § 922(g)(1) case: "'(1) knowing possession of the firearm [or ammunition], (2) a previous felony conviction, and (3) the possession being in or affecting commerce.'" *United States v. Amante*, 418 F.3d 220, 221 n.1 (2d Cir. 2005)(quoting *United States v. Smith*, 160 F.3d 117, 121 n.2 (2d Cir. 1998)). There is no requirement that the defendant must be aware of the statute or of the conviction and this Court does not find it constitutionally required to add these elements to the statute, particularly given Oakes' prior record as a felon.

Finally, Oakes seeks to add a jury instruction which would require the government to demonstrate the defendant's prospective dangerousness before limiting his Second Amendment rights.  Oakes relies upon *United States v. Engstrum*, 2:08-CR-430 TS, 2009 WL 1383285 (D. Utah. June 15, 2009).  However the Tenth Circuit issued a writ of mandamus directing the district court not to give that instruction on August 13th, 2009. *See United States v. Engstrum,* No. 09-4145 Slip Op. (10th Cir. Aug. 13, 2009)(order

3

for granting petition for writ of mandamus). The order granted the writ of mandamus on the grounds that the government should not bear the burden of proving an element that is not required by statute. Furthermore, the Tenth Circuit found that there is no authority to suggest that dangerousness is an element of the offense or that lack of dangerousness is an affirmative defense. The Court declines to require the government to prove the Defendant's dangerousness.

The motion to dismiss is hereby **DENIED**.

Dated at Burlington, in the District of Vermont, this 18th day of November, 2009.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court